IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40060-SMY |
| | ) |
| JARIAH THOMAS MOSS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Jariah Thomas Moss pleaded guilty to distribution of methamphetamine (Count 1), possession with the intent to distribute methamphetamine (Count 2) and being a felon in possession of a firearm (Count 3). He was sentenced on May 31, 2022 to concurrent 151 months' imprisonment on Counts 1 and 2, and 120 months' imprisonment on Count 3 (Doc. 42, 47). Now pending before the Court is Moss's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 55). The Government does not oppose the motion (Doc. 57).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, the parties agree that Moss is eligible for a reduction under Part A of Amendment 821.

Moss's total offense level at sentencing was 31 and his criminal history category was IV, which yielded a Guidelines sentencing range of 151- 188 months imprisonment on Count 1 (Distribution of Methamphetamine) and Count 2 (Possession with Intent to Distribute Methamphetamine) with an effective guideline range of 120 months on Count 3 (Felon in Possession of a Firearm). Under Amendment 821, Moss's criminal history points is reduced from 8 to 6 points and his criminal history category from IV to III, resulting in a lowered Guidelines range of 135-168 months on Counts 1 and 2.[1]

The Court agrees that Moss is eligible for a reduction. Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 55) and reduces Moss's sentence from 151 to 135 months' imprisonment on Counts 1 and 2, and 120 months on Count 3 to run concurrently, effective on February 1, 2024. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: January 11, 2024**

**STACI M. YANDLE**
**United States District Judge**

---

[1] The effective guideline range on Count 3 of 120 months imprisonment remains the same.